# EXHIBIT M

ADMIN,CLOSED,MAG

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00389-LM-AJ

Malan Quizhpi v. US Immigration and Customs Enforcement, Boston Field Office Acting Director et al
Assigned to: Judge Landya B. McCafferty
Referred to: US Magistrate Judge Andrea K Johnstone
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 10/08/2025
Date Terminated: 10/28/2025
Jury Demand: None
Nature of Suit: 463 Habeas Corpus - Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Juan Carlos Malan Quizhpi**    represented by    **Ryan P. Sullivan**
Erkan & Sullivan, PC
300 High St
Andover, MA 01810
978-474-0054
Fax: 978-474-0080
Email: ryan@es.legal
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**US Immigration and Customs Enforcement, Boston Field Office Director**
*agent of*
Patricia H. Hyde

represented by **Raphael Katz**
US Attorney's Office (NH)
James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301
603 225-1552
Email: raphael.katz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**US Immigration and Customs Enforcement, Acting Director**
*agent of*
Todd Lyons

represented by **Raphael Katz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**US Department of Homeland Security, Secretary**
*agent of*
Kristi Noem

represented by **Raphael Katz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**US Attorney General**
*agent of*
Pamela Jo Bondi

represented by **Raphael Katz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Strafford County Department of Corrections, Superintendent**
*agent of*
Christopher Bracket

represented by **Emily Conant**
Strafford County Attorney's Office
259 County Farm Road
Suite 201
Dover, NH 03821
603-749-2808
Fax: 603-749-2808
Email: egarod@co.strafford.nh.us
*ATTORNEY TO BE NOTICED*

**Raphael Katz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Executive Office for Immigration Review**
*agent of*
Sirce Owen

represented by **Raphael Katz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/08/2025 | 1 | NEW CASE/PETITION FOR WRIT OF HABEAS CORPUS 2241/2254. (Filing fee $ 5, receipt number ANHDC-2689921.) filed by Juan Carlos Malan Quizhpi. (Attachments: # 1 Appearance of Local Counsel, # 2 Civil Cover Sheet)(Sullivan, Ryan) (Entered: 10/08/2025) |
| 10/08/2025 |  | Case assigned to Chief Judge Landya B. McCafferty and US Magistrate Judge Andrea K Johnstone. The case designation is: 1:25-cv-389-LM-AJ. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 10/08/2025) |
| 10/08/2025 |  | NOTICE of Filing - Case filed under 28 U.S.C. 2241. A copy of the petition has been electronically sent via ECF to your office. No further action is required by the United States Attorney unless directed by the presiding judge.(mc) (Entered: 10/08/2025) |
| 10/08/2025 |  | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc) (Entered: 10/08/2025) |
| 10/09/2025 | 2 | **ORDER Directing Clerk to Make Service. So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)** (Entered: 10/09/2025) |
| 10/09/2025 |  | SERVICE BY CLERK: Copies mailed via certified mail, return receipt requested as to Executive Office for Immigration Review, US Attorney General, US Department of Homeland Security, Secretary, US Immigration and Customs Enforcement, Acting Director, US Immigration and Customs Enforcement, Boston Field Office Acting Director, Copies to US Marshal as to Strafford County Department of Corrections, Superintendent per 2 Order Directing Service.(vln) (Entered: 10/09/2025) |
| 10/10/2025 | 3 | RESPONSE re 1 Petition for Writ of Habeas Corpus - New Case filed by Executive Office for Immigration Review, US Attorney General, US Department of Homeland Security, Secretary, US Immigration and Customs Enforcement, Acting Director, US Immigration and Customs Enforcement, Boston Field Office Acting Director. Attorney Raphael Katz added |

| | | |
|---|---|---|
| | | to party Executive Office for Immigration Review(pty:res), Attorney Raphael Katz added to party US Attorney General(pty:res), Attorney Raphael Katz added to party US Department of Homeland Security, Secretary(pty:res), Attorney Raphael Katz added to party US Immigration and Customs Enforcement, Acting Director(pty:res), Attorney Raphael Katz added to party US Immigration and Customs Enforcement, Boston Field Office Acting Director(pty:res). (Katz, Raphael) (Entered: 10/10/2025) |
| 10/14/2025 | | **ENDORSED ORDER: In their "Abbreviated Response to Habeas Petition and Request to Proceed Without Additional Briefing or Argument," (doc. no. 3), respondents agree that this court's analysis in Jimenez and Lamidi "controls the result in this case." Doc. no. 3 at 2; see Jimenez v. FCI Berlin, Warden, --- F. Supp. 3d ----, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); Lamidi v. FCI Berlin, Warden, Civ. No. 25-cv-297-LM-TSM (D.N.H. Sept. 15, 2025) (doc. no. 14). Seeing no reason to depart from that analysis, the court concludes that petitioner is eligible for a bond hearing under 8 U.S.C. 1226(a) and its implementing regulations, such that his present detention without a bond hearing violates the INA. The petition for a writ of habeas corpus (doc. no. 1) is therefore granted as to Count I. Respondents are ORDERED to provide petitioner with a bond hearing before an IJ pursuant to 1226(a) at which the IJ shall have the authority to order petitioner's release on bond. This hearing shall occur within seven (7) days. On or before October 22, 2025, respondents shall file a status report in this court describing the result of that hearing. So Ordered by Chief Judge Landya B. McCafferty.(vln)** (Entered: 10/14/2025) |
| 10/16/2025 | 4 | Return of Service Executed as to Strafford County Department of Corrections, Superintendent on October 15, 2025.(vln) (Entered: 10/17/2025) |
| 10/20/2025 | 5 | NOTICE of Attorney Appearance by Emily Conant on behalf of Strafford County Department of Corrections, Superintendent *Brackett* Attorney Emily Conant added to party Strafford County Department of Corrections, Superintendent(pty:res).(Conant, Emily) (Entered: 10/20/2025) |
| 10/22/2025 | 6 | STATUS REPORT by Executive Office for Immigration Review, Strafford County Department of Corrections, Superintendent, US Attorney General, US Department of Homeland Security, Secretary, US Immigration and Customs Enforcement, Acting Director, US Immigration and Customs Enforcement, Boston Field Office Acting Director : Petitioner granted bond in the amount of $4,500 Attorney Raphael Katz added to party Strafford County Department of Corrections, Superintendent(pty:res).(Katz, Raphael) (Entered: 10/22/2025) |
| 10/23/2025 | | **ENDORSED ORDER 6 Status Report.** *Text of Order: As petitioner has now received the relief ordered by the court's grant of his habeas petition, the clerk is directed to enter judgment and close the case.* **So Ordered by Chief Judge Landya B. McCafferty.(vln)** (Entered: 10/23/2025) |
| 10/28/2025 | 7 | **JUDGMENT is hereby entered. Signed by Tracy A. Uhrin, Clerk of Court.** *(Case Closed)* **(vln)** (Entered: 10/28/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/06/2026 11:28:39 | | | |
| **PACER Login:** | sangyeob | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-00389-LM-AJ |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Juan Carlos MALAN QUIZHPI, | |
|     Petitioner-Plaintiff, | Case No. Case No. 1:25-cv-00389 |
| v. | **PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER BRACKETT, Strafford County Department of Corrections, Superintendent; PATRICIA HYDE, US Immigration Customs and Enforcement, Boston Field Office Acting Director; TODD LYONS, US Immigration and Customs Enforcement, Acting Director; SIRCE OWEN, Acting Director, Executive Office For Immigration Review; PAMELA BONDI, U.S. Attorney General; and KRISTI NOEM, U.S. Secretary of Homeland Security, Secretary, | **ORAL ARGUMENT REQUESTED** |
|     Respondents-Defendants. | **Expedited Hearing Requested** |

## INTRODUCTION

1. This petition for a writ of habeas corpus is being filed on behalf of Juan Carlos Malan Quizhpi (hereinafter "Mr. Malan Quizhpi" or "the Petitioner") seeking relief to remedy his unlawful detention. Mr. Malan Quizhpi is currently detained at the Strafford County Corrections in Dover, NH. On October 7, 2025, Mr. Malan Quizhpi was detained without a warrant.

2. Currently the U.S. Department of Homeland Security ("DHS") and the U.S. Department of Justice ("DOJ") has reversed decades of settled immigration practice and denied all immigration bond hearings.

3. Specifically, DHS and DOJ are misclassifying people arrested inside the United States. These people are generally subject to the detention provisions of 8 U.S.C. § 1226, which usually allow for release on bond and conditions during the pendency of immigration proceedings.

4. This misclassification is contrary to settled law and practice, and it is unlawfully premised solely upon the manner in which the person initially entered the country - in this case decades ago.

### PETITIONER'S FACTS

5. Prior to his detention, Petitioner resided in ▮▮▮▮▮▮, Massachusetts. Although Petitioner's detention is authorized, if at all, by 8 U.S.C. § 1226(a), which entitles him to a bond hearing. On information and belief, ICE has detained him pursuant to 8 U.S.C. § 1225(b)(2). On information and belief, DHS will argue during bond proceedings that Mr. Malan Quizhpi is subject to mandatory detention, pursuant to *Matter of Yahure-Hurtado.*

6. Petitioner was born in Ecuador on December 2, 1999. He came to the United States to escape persecution in Ecuador and entered without inspection in February of 2020. When Mr. Malan Quizhpi entered the United States, he was not apprehended at the border. He had contact with DHS on September 24, 2020, when he and his wife were working near the U.S. northern border. At that time, they were served with Notices to Appear ("NTA"). While the Petitioner's wife's NTA was filed with the Chelmsford Immigration Court, which initiated her removal proceedings, the Petitioner's NTA was never filed with the court.

7. Petitioner has a series of traffic infractions, some of which may be criminal in nature due to driving without a license, but none are due to driving while intoxicated. The petitioner has no other criminal history. The Petitioner is married to ▮▮▮▮▮▮▮▮▮▮▮▮▮. Together they have two U.S. citizen children, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.o.B. ▮▮2022) and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.o.B. ▮▮2025). Petitioner is the sole breadwinner for his family, as his youngest son was born two months ago.

8. Petitioner was arrested after a traffic stop in Marlborough, MA. At the time of the arrest, he was told by law enforcement that his license had been suspended and that he was being detained. The officer indicated during the arrest that he did not know why the license was suspended, and

that the Petitioner was being detained because "he needed to be detained." No other reason was provided to the Petitioner.

9. Petitioner is currently being held in ICE's custody in the District of New Hampshire pending full removal proceedings. On information and belief, Petitioner is prima facie eligible for relief from removal, specifically in the form of asylum.

10. DHS served Petitioner with an NTA on September 24, 2020 alleging that he was not previously admitted or paroled into the United States, charging him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.

11. As a person arrested inside the United States and held in civil immigration detention for pending removal proceedings, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 9 of 19 10 § 1226. See, e.g., Romero, 2025 WL 2403827, at *1, 8-13 (collecting cases). Petitioner lacks any criminal predicates that could subject him to mandatory detention under 8 U.S.C. § 1226(c) and is subject to detention, if at all, under 8 U.S.C. § 1226(a).

12. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a bond hearing with strong procedural protections. See *Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57 (affirming class-wide declaratory judgment); 8 C.F.R. §§ 236.1(d), 1003.19(a)-(f).

13. Petitioner requests such a bond hearing.

14. Under *Matter of Hurtado*, however, the responsible administrative agency has predetermined that Petitioner will be denied a bond hearing, and the government is holding Petitioner under the purported authority of 8 U.S.C. § 1225(b)(2), under which Petitioner will not receive a bond hearing.

## JURISDICTION, VENUE, AND PARTIES

15. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the U.S. Constitution (Suspension Clause).

16. Venue is proper because Petitioner is presently detained by ICE at the Strafford County Correctional Facility in Dover, NH.

17. Respondent Christopher Bracket is Superintendent of the Strafford County Department of Corrections.

18. Respondent Patricia Hyde is the Acting New England Field Office Director for U.S. Immigration and Customs Enforcement.

19. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

20. Respondent Sirce Owen is the Acting Director of EOIR and has ultimate responsibility for overseeing the operation of the immigration courts and the Board of Immigration Appeals, including bond proceedings.

21. Respondent Pamela Bondi is the Attorney General of the United States and administers the Department of Justice, including EOIR, the BIA, and the Immigration Courts.

22. Respondent Kristi Noem is the U.S. Secretary of Homeland Security and administers the Department of Homeland Security.

23. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF
### COUNT ONE
**Violation of 8 U.S.C. § 1226(a) and Associated Regulations**

24. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

25. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. See 8 C.F.R. §§ 236.1(d), 1236.1, 1003.19(a)-(f).

26. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

27. Petitioner's continuing detention is therefore unlawful.

## COUNT TWO

### Violation of Fifth Amendment Right to Due Process

### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

28. Because Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that they receive a bond hearing with strong procedural protections. See *Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

29. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

30. Petitioner's continuing detention is therefore unlawful.

## COUNT THREE

### Violation of Fifth Amendment Right to Due Process

### (Failure to Provide an Individualized Hearing for Domestic Civil Detention)

31. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. Const. amend. Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 14 of 19 15 V.

32. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; cf. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens' due process rights were limited where the person was not residing in the United

States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

33. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001).

34. The Supreme Court, thus, "has repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington*, 441 U.S. at 425; *see also Salerno*, 481 U.S. at 755; *Foucha*, 504 U.S. at 81-83; *Hendricks*, 521 U.S. at 357.

35. Petitioner will be held without being provided any individualized detention hearing.

36. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

## COUNT FOUR

### Violation of Fifth Amendment Right to Due Process

### (Substantive Due Process)

37. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (i.e., Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 15 of 19 16 the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

38. Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

## COUNT FIVE

### Violation of Administrative Procedure Act (5 U.S.C. § 706)

39. Petitioner is being detained without a bond hearing pursuant to the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

40. The BIA's decision in *Matter of Hurtado* is unlawful because it violates the Administrative Procedure Act, including because the BIA's decision is arbitrary, capricious, and contrary to law.

41. Petitioner's detention is therefore unlawful.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of New Hampshire;

(3) Declare that Petitioner's detention is unlawful;

(4) Order that the petitioner be afforded a Bond hearing;

(5) Order Petitioner's release on conditions the Court deems just and proper pending adjudication of this petition;

> Respectfully submitted
> Juan Carlos Malan Quizhpi
> By and through his Attorney,
> /s/ Ryan P. Sullivan
> Ryan P. Sullivan, Esq.
> NH. BBO No. 278931
> 300 High Street
> Andover, MA 01810
> (978) 474-0054

Dated:   October 8, 2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

      I represent Petitioner, Juan Carlos Malan Quizhpi, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 8th day of October, 2025.

                                               /s/ Ryan P. Sullivan
                                               Ryan P. Sullivan

## CERTIFICATE OF SERVICE

      I, Ryan P. Sullivan, herein certify that on this 8th day of October, 2025, a copy of the within appearance was filed VIA ECF for all parties involved.

/s/ Ryan P. Sullivan
Ryan P. Sullivan, Esq.