# EXHIBIT Q

ADMIN,LMrecused

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:26-cv-00006-PB-TSM

| | |
|---|---|
| Ata v. Strafford County Department of Corrections, Superintendent et al | Date Filed: 01/06/2026 |
| Assigned to: Judge Paul J. Barbadoro | Jury Demand: None |
| Referred to: US Magistrate Judge Talesha L. Saint-Marc | Nature of Suit: 463 Habeas Corpus - Alien Detainee |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Jurisdiction: U.S. Government Defendant |

**Petitioner**

**Alain Ata**                        represented by    **Todd C. Pomerleau**
Two Center Plz, Ste 510
Boston, MA 02108
617-957-1833
Fax: 617-367-0071
Email: tcp@rubinpom.com
*ATTORNEY TO BE NOTICED*

**Ronald L. Abramson**
Shaheen & Gordon PA
1155 Elm Street
Suite 300
Manchester, NH 03101
603-792-8472
Fax: 603-669-0903
Email: rabramson@shaheengordon.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Strafford County Department of Corrections, Superintendent**           represented by    **Emily Conant**
Strafford County Attorney's Office
259 County Farm Road
Suite 201
Dover, NH 03821
603-749-2808
Fax: 603-749-2808
Email: egarod@co.strafford.nh.us
*ATTORNEY TO BE NOTICED*

**Respondent**

**US Immigration and Customs Enforcement, Boston Field Office Acting Director**           represented by    **Kasey A Weiland**
US Attorney's Office (NH)
James C Cleveland Federal Bldg
53 Pleasant St, 4th Flr
Concord, NH 03301
603-225-1552
*other*
Todd Lyons

Email: kasey.weiland2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**US Immigration and Customs Enforcement, Field Office Director**     represented by **Kasey A Weiland**
*other*                                                (See above for address)
Patricia Hyde                                     *ATTORNEY TO BE NOTICED*

**Respondent**

**HSI New England Special Agent in Charge**     represented by **Kasey A Weiland**
*other*                                                  (See above for address)
Michael Krol                                       *ATTORNEY TO BE NOTICED*

**Respondent**

**US Department of Homeland Security, Secretary**     represented by **Kasey A Weiland**
*other*                                                  (See above for address)
Kristi Noem                                        *ATTORNEY TO BE NOTICED*

**Respondent**

**US Attorney General**     represented by **Kasey A Weiland**
*agent of*                                                (See above for address)
Pamela Bondi                                      *ATTORNEY TO BE NOTICED*

**Respondent**

**President of the United States of America**     represented by **Kasey A Weiland**
*other*                                                  (See above for address)
Donald J. Trump                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2026 | 1 | NEW CASE/PETITION FOR WRIT OF HABEAS CORPUS 2241/2254. (Filing fee $ 5, receipt number ANHDC-2724774.) filed by Alain Ata. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Abramson, Ronald) (Entered: 01/06/2026) |
| 01/06/2026 | | Case assigned to Judge Paul J. Barbadoro and US Magistrate Judge Talesha L. Saint-Marc. The case designation is: 1:26-cv-06-PB-TSM. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 01/06/2026) |
| 01/06/2026 | | NOTICE of Filing - Case filed under 28 U.S.C. 2241. A copy of the petition has been electronically sent via ECF to your office. No further action is required by the United States Attorney unless directed by the presiding judge.(mc) (Entered: 01/06/2026) |
| 01/06/2026 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc) (Entered: 01/06/2026) |
| 01/07/2026 | 2 | **ORDER Directing Clerk to Make Service. So Ordered by US Magistrate Judge Talesha L. Saint-Marc.(jwb)** (Entered: 01/07/2026) |

| | | |
|---|---|---|
| 01/07/2026 | | SERVICE BY CLERK: Copies emailed to US Attorney's Office District of New Hampshire to the designated habeas email address. Copies emailed to Strafford County Department of Corrections at egarod@straffordcounty.gov, mraiche@straffordcounty.gov, and cbrackett@straffordcounty.gov per 2 Order Directing Service.(jwb) (Entered: 01/07/2026) |
| 01/07/2026 | | NOTICE of Hearing. Status Conference set VIA VIDEO CONFERENCE for 1/13/2026 03:00 PM before Judge Paul J. Barbadoro.(jwb) (Entered: 01/07/2026) |
| 01/07/2026 | | RESCHEDULING NOTICE of Hearing. TIME CHANGE ONLY FROM 3:00 PM TO 10:30 AM<br><br>Status Conference set VIA VIDEO CONFERENCE for 1/13/2026 10:30 AM before Judge Paul J. Barbadoro.(jwb) (Entered: 01/07/2026) |
| 01/08/2026 | | SERVICE BY CLERK: Copies mailed via certified mail, return receipt requested to US Attorney General, US Immigration and Customs Enforcement, Boston Field Office Acting Director per 2 Order Directing Service.(jwb) (Entered: 01/08/2026) |
| 01/08/2026 | 3 | NOTICE of Attorney Appearance by Emily Conant on behalf of Strafford County Department of Corrections, Superintendent *Brackett* Attorney Emily Conant added to party Strafford County Department of Corrections, Superintendent(pty:res).(Conant, Emily) (Entered: 01/08/2026) |
| 01/09/2026 | 4 | Assented to MOTION for Todd C. Pomerleau to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC-2726266.) filed by Alain Ata. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Todd C. Pomerleau, Esq., # 2 Exhibit Certificate of Good Standing)(Abramson, Ronald) (Entered: 01/09/2026) |
| 01/09/2026 | | **ENDORSED ORDER granting 4 Motion for Todd C. Pomerleau to Appear Pro Hac Vice. *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* So Ordered by Judge Paul J. Barbadoro.**<br><br>**The clerk's office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e-filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(jwb)** (Entered: 01/09/2026) |
| 01/13/2026 | 5 | NOTICE of Attorney Appearance by Todd C. Pomerleau on behalf of Alain Ata Attorney Todd C. Pomerleau added to party Alain Ata(pty:pet).(Pomerleau, Todd) (Entered: 01/13/2026) |
| 01/13/2026 | 6 | NOTICE of Attorney Appearance by Kasey A Weiland on behalf of HSI New England Special Agent in Charge, President of the United States of America, US Attorney General, US Department of Homeland Security, Secretary, US Immigration and Customs Enforcement, Boston Field Office Acting Director, US Immigration and Customs Enforcement, Field Office Director Attorney Kasey A Weiland added to party HSI New England Special Agent in Charge(pty:res), Attorney Kasey A Weiland added to party President of the United States of America(pty:res), Attorney Kasey A Weiland added to party US Attorney General(pty:res), Attorney Kasey A Weiland added to party US Department of Homeland Security, Secretary(pty:res), Attorney Kasey A Weiland added to party US Immigration and Customs Enforcement, Boston Field Office Acting Director(pty:res), Attorney Kasey A Weiland added to party US Immigration and Customs Enforcement, Field Office Director(pty:res).(Weiland, Kasey) (Entered: 01/13/2026) |

| 01/13/2026 | Minute Entry for proceedings held before Judge Paul J. Barbadoro. STATUS CONFERENCE held on 1/13/2026. Respondents to produce file to petitioner in 14 days. Petitioner's brief due 21 days after the 14-day deadline for the file. Respondents may file a response within 14 days of petitioner's brief. Oral argument to be scheduled. (Court Reporter: Susan Bateman) (Pltfs Atty: Ronald L. Abramson, Todd C. Pomerleau) (Defts Atty: Kasey Weiland)(Total Hearing Time: 1 hour 5 minutes) (jwb) (Entered: 01/13/2026) |
|---|---|
| 01/13/2026 | NOTICE of Hearing. Oral Argument set for 3/10/2026 10:00 AM before Judge Paul J. Barbadoro.(jwb) (Entered: 01/13/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/14/2026 04:33:58 | | |
| **PACER Login:** | gbissonn | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00006-PB-TSM |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALAIN ATA ) | Case No. 1:26-cv-0006 |
| ) | |
| Petitioner, ) | **PETITION FOR WRIT OF** |
| ) | **HABEAS CORPUS** |
| v. ) | |
| ) | |
| STRAFFORD COUNTY DEPARTMENT OF ) | |
| CORRECTIONS, SUPERINTENDENT, ) | |
| TODD M. LYONS, Acting Director Immigration and ) | |
| Customs Enforcement, Boston Field Office ) | |
| PATRICIA HYDE, Field Office Director, ) | |
| MICHAEL KROL, HSI New England Special ) | |
| Agent in Charge, KRISTI NOEM, U.S. Secretary ) | **ORAL ARGUMENT** |
| of Homeland Security, PAMELA BONDI, ) | **REQUESTED** |
| U.S. Attorney General, DONALD J. TRUMP, ) | |
| U.S. President ) | |
| ) | |
| Respondents. ) | |

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## INTRODUCTION

1.      Petitioner Alain Ata ("Petitioner") is a Lebanese national with a U.S. fiancée and two U.S. citizen children. On information and belief, he was unlawfully detained by federal immigration agents on December 16, 2025.

2.      Accordingly, to vindicate Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

3.      Petitioner alleges violations of the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act.

4.      Petitioner asks this Court to find that his arrest and detention are illegal and order his immediate release, a stay of removal from jurisdiction of the United States or transfer outside of the District of New Hampshire, and a reasonable award of attorney's fees.

## JURISDICTION

5.      This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen and whether Petitioner was ordered removed under 8 U.S.C. § 1225(b)(1).

7.      This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8.      Venue is proper because Petitioner is detained at Strafford County Department of Corrections in Dover, New Hampshire, which is within the jurisdiction of this District. Counsel for Petitioner has personally confirmed that Petitioner is detained at this facility. The Immigrations and Customs Enforcement ("ICE") detainee locator showed Petitioner at Strafford County Department of Corrections as of 6:30 pm on January 5, 2026.

9.      Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to his claims occurred in this District, and Petitioner resides in this District. There is no real property involved in this action.  28 U.S.C. § 1391(e).

## PARTIES

10.     Petitioner is a resident of Manchester, New Hampshire. He is in the custody, and thus under the direct control, of Respondents and their agents.

11.     Respondent Strafford County Department of Corrections, Superintendent, is named in his official capacity. In this capacity, he is responsible for the detention of noncitizens held at the Strafford County Department of Corrections, and therefore, is a custodian of the Petitioner.

12.     Respondent Todd Lyons is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner; and therefore, is a custodian of the Petitioner.

13.     Respondent Patricia Hyde is sued in her official capacity as the Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioner and has authority to release him.

14.     Respondent Michael Krol is sued in his official capacity as the HSI New England Special Agent in Charge. In this capacity, Respondent Krol is a legal custodian of Petitioner and has the authority to release him.

15.     Respondent Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees ICE, the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

16.     Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA.  Respondent Bondi is a legal custodian of Petitioner.

17.     Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security.

## **STATEMENT OF FACTS**

18.     Petitioner is a forty-one-year-old citizen of Lebanon.

19.     In 2006, Petitioner entered the United States as a lawful permanent resident on or about September 15, 1995.

20.     After a 2007 conviction for burglary, conspiracy, and receiving stolen property, Petitioner was placed in removal proceedings.

21.     On or about April 29, 2009, an Immigration Judge at the Oakdale Immigration Court ordered the Petitioner removed. Upon information and belief, after Petitioner was ordered removed, ICE placed Petitioner on an Order of Supervision ("OSUP").

22.     Petitioner has been checking in regularly with the Department of Homeland Security Immigration and Customs Enforcement since his order of removal in 2009.  Upon information and belief, Petitioner and ICE had been conducting check-ins primarily by email, as recently as December 4, 2025. Petitioner completed every check-in as required and was never instructed to go to the ICE office in person.

23.     On December 16, 2025, Petitioner appeared at the Salem District Court at Salem, New Hampshire for a bench trial on disorderly conduct and resisting arrest charges. At the conclusion of the trial, the district court judge took the matter under advisement.

24.     Immediately after the trial concluded, Petitioner was arrested and detained by four ICE officials inside the courtroom. ICE officials did not present Petitioner with any documentation justifying his arrest, and upon information and belief, still have not presented Petitioner with any documentation to this day.

25.     Petitioner was subsequently acquitted of the charges in the Salem District Court.

26.     Since his arrest, Petitioner has remained detained at the Strafford County Department of Corrections in Dover, New Hampshire.

## **LEGAL FRAMEWORK**

27.     The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28

U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

28.     Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

29.     Respondents' purported basis for re-detaining Mr. Ata is 8 U.S.C. §1231. ICE's authority to release people from detention is governed by 8 U.S.C. § 1231(a)(3), which grants ICE authority to release an individual "subject to supervision."

30.     Federal regulations specify that ICE may only release such individuals if they "demonstrate[] to the satisfaction of the Attorney General . . . that his or her release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal." 8 C.F.R. § 241.4(d).  These requirements – flight risk and danger – reflect constitutional constraints, since only individuals who pose a flight risk or danger may be civilly detained. *See Zadvydas v. Davis*, 533 U.S. 690 (2001).

31.     Mr. Ata, having been released on an Order of Supervision ("OSUP") pursuant to this process, was therefore deemed by Respondents not to present a risk of flight, and was determined not to pose any danger.

32.     To comport with due process, detention must bear a reasonable relationship to its two regulatory purposes: (i) ensuring the appearance of noncitizens at future hearings and (ii)

preventing danger to the community pending the completion of removal. *Zadvydas*, 533 U.S. at 690-691 (2001).

33.     ICE determined that Mr. Ata is neither a flight risk nor a danger when they granted him an OSUP in 2009. Since that date, Petitioner has complied with all terms and conditions of the OSUP, and he remains neither a risk of flight nor a danger. In fact, Mr. Ata now presents a *reduced* risk of flight because of stronger community ties, given his U.S. citizen fiancée and two U.S. citizen children.

34.     Procedural due process constrains governmental decisions that deprive individuals of property or liberty interests within the meaning of the Due Process Clause of the Fifth Amendment. Because Mr. Ata's detention on December 16, 2025, lacked the procedural protections that such a significant deprivation of liberty requires under the Due Process Clause of the Fifth Amendment to the U.S. Constitution, his continued detention is unlawful. *See Mathews v. Eldridge*, 424 U.S. at 332 (1976); *see also Perry v. Sindermann*, 408 U.S. 593, 601-03 (1972) (reliance on informal policies and practices may establish a legitimate claim of entitlement to a constitutionally protected interest).  Infringing upon a protected interest triggers an individual's right to a hearing *prior* to the deprivation of that right. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972).

35.     The revocation of Mr. Ata's release does not satisfy the minimum requirements of due process, because that revocation is not the product of any individualized review and alleges no relevant, material change in circumstances which would support revisiting the original assessment of risk and flight. *See Rombot v. Souza*, 296 F. Supp. 3d 383, 388–89 (D. Mass. 2017) (finding a due process violation and explaining that ICE "never asserted that [Petitioner] is a danger to the community or a flight risk, or that he violated the conditions of his [OSUP]. . . . The

Supreme Court has recognized that a 'alien may no doubt be returned to custody upon a violation of [supervision] conditions,' but it has never given ICE a carte blanche to re-incarcerate someone without basic due process protection.") (quoting *Zadvydas*, 533 U.S. at 700).

36.    The government's presumed basis for re-detaining Mr. Ata is 8 U.S.C. § 1231, the statute governing detention following a final order of removal ("post-order detention"). Under the terms of this statute and the governing regulations, Mr. Ata's detention is unlawful.

37.    The INA specifies circumstances upon which a person may be released from custody, and it does not provide for re-detention except impliedly for a violation of those terms. The relevant regulatory framework (8 C.F.R. §§ 241.4(l) and 241.13(i)) authorizes revocation of an individual's release on an OSUP only in certain contexts. Section 241.4(l) specifies revocation may occur upon violation of the conditions of release or when, in the District Director's estimation, revocation is in the public interest because one of four conditions is met: "(1) the purposes of release have been served; (2) the alien violates any condition of release; (3) it is appropriate to enforce a removal order or to commence removal proceedings against an alien; or (4) the conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate." 8 C.F.R. § 241.4(l)(2). Section 241.13(i) provides further conditions where release decisions may be revoked, only for the purpose of removal. Notably, several of these provisions are found only in the regulations and not the statute and are therefore *ultra vires*, but even to the extent that they do apply here, Respondents have failed to comply with the process.

38.    8 U.S.C. § 1231 authorizes the detention of individuals following a final order of removal only under specifically delineated circumstances. The third subclause of 8 U.S.C. § 1231(a)(3) provides that an individual who is not removed within a 90-day statutory removal period "*shall* be subject to supervision" (emphasis added) under specific terms, including

requirements that he or she appear periodically before an immigration officer and obey any written restrictions. *See also* 8 C.F.R. § 241.5 (specific conditions for release—involving but not limited to reporting requirements and travel document acquisition requirements—should an order of supervision be issued).

39.     Mr. Ata has, at a minimum, a right to a detailed explanation for the reasons for the revocation of his release, as well as the right to interview in order to contest the basis for the revocation. At a minimum, ICE "has the duty to follow its own federal regulations." *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003) (quoting *Nelson v. I.N.S.*, 232 F.3d 258, 262 (1st Cir. 2000)). It has failed to do so here.

40.     When the government fails to comply with its own federal regulations, as it did when it revoked Mr. Ata's release in violation of its own procedures, the action should be found invalid. *See Rombot*, 296 F. Supp. 3d at 388.

41.     Moreover, under the APA, "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. The reviewing Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E).

42.     The decision to detain Mr. Ata, who had previously been released on an OSUP, and neither violated nor failed to comply with OSUP, must be reviewed by this Court and found to be "arbitrary, capricious, an abuse of discretion and not in accordance with the law." 5 U.S.C. §§ 706(2)(A), (E). Absent this Court's intervention, Mr. Ata does not have any "remedy" to challenge the decision of Respondents. *See Torres-Jurado*, 2023 U.S. Dist. LEXIS 193725 at 18 *14 (finding that "[a]lthough procedural requirements can seem like a mere formality, they promote 'agency

accountability' and ensure that the parties—and where relevant, the public— can respond fully and in a timely manner to an agency's exercise of authority.") (citing *Bd. of Regents of State Colleges*, 140 S. Ct. 1891). *See also*, *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 373 (1977) (stating "[i]t is, of course, possible that despite these procedural protections a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action after exhausting its conciliation efforts. If such cases arise the federal courts do not lack the power to provide relief.") citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424-425 (1975) and *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (Court did not foreclose the application of laches to the federal government.).

43.     Other Courts in this Circuit have previously ordered release of previously supervised noncitizens arrested at ICE check-ins. *See Guzman Valdez v. McDonald*, Case 1:25-cv-12308-MJJ 10 (D. Mass, Oct. 3, 2025). Where the government improperly revokes a noncitizen's supervised release status in violation of the law, the proper remedy for that violation is release. *Id*.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

44.     The allegations in the above paragraphs are realleged and incorporated herein.

45.     The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

46.     To comport with due process, detention must bear a reasonable relationship to its two regulatory purposes—to ensure the appearance of noncitizens at future hearings and to prevent danger to the community pending the completion of removal. *Zadvydas*, 533 U.S. at 690-691.

47.     Respondents violated their own regulations and did not provide Mr. Ata with adequate notice and a meaningful opportunity to be heard, thereby also violating his substantive and procedural due process rights. *See Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 9 (1st Cir. 2010) (cleaned up) ("[I]t is well-settled that the essential requirements of procedural due process include adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner.").

48.     Petitioner is neither a danger nor a flight risk. The detention of Petitioner is consequently arbitrary on its face.

49.     Mr. Ata has dutifully complied with every condition of his OSUP and no change in circumstances exists to warrant the revocation of his OSUP.

50.     In detaining Petitioner, Respondents took advantage of Petitioner's good faith efforts to comply with law enforcement. The violative actions of the Respondents undermine the faith of noncitizens that they should follow the law and appear to immigration check-ins.

51.     Because Petitioner's detention has been unaccompanied by the procedural protections that such a significant deprivation of liberty requires under the Due Process Clause of the Fifth Amendment to the U.S. Constitution, his continued detention is unlawful.

**COUNT TWO**
**Release on Bail Pending Adjudication**

52.     Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

53.     Federal courts considering *habeas* actions possess the "inherent power to release the petitioner pending determination of the merits." *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *see also, Da Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021). Federal courts "have the same inherent authority to admit habeas petitioners to bail in the immigration context as

11

they do in the criminal habeas case." *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001). "A court considering bail for a habeas petitioner must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id*. at 230 (cleaned up).

54.     This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of New Hampshire, where his remote location would prevent him from adequately litigating his removal and bond proceeding by limiting his access to counsel and evidence located within the District of New Hampshire.

## COUNT THREE
## Violation of the Administrative Procedure Act

55.     The allegations in the above paragraphs are realleged and incorporated herein.

56.     The Administrative Procedure Act (APA) provides that a court "shall . . . hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). When the government has promulgated "[r]egulations with the force and effect of law," those regulations "supplement the bare bones" of federal statutes, such that the agencies are bound to follow their own "existing valid regulations." *United States ex rel. Accardi Shaugnessy*, 347 U.S. 260, 266, 268 (1954). The *Accardi* doctrine also obligates agencies to comply with procedures it outlines in its internal manuals. *See Morton v. Ruiz*, 415 U.S. 199, 235 (1974) (finding that an agency is obligated to comply with procedural rules outlined in its internal manual).

57.     A court reviewing agency action "must assess … whether the decision was based

on a consideration of the relevant factors and whether there has been a clear error of judgment; it must examine[e] the reasons for agency decisions- or, as the case may be, the absence of such reasons." *Judulang v. Holder*, 565 U.S. 42, 53 (2011) (quotations omitted).

58.     Arresting a Petitioner after they have complied with previous check-in requirements outside of detention is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C).

59.     Revoking a noncitizen's check-in procedure and incarcerating that person without notice or process constitutes an unlawful change in policy that is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C).

60.     The APA authorizes courts to "set aside" agency action that is "in excess of statutory jurisdiction, authority, limitations, or statutory right" or otherwise "not in accordance with law." 5 U.S.C. § 706(2)(A), (C).  It directs courts to "decide all relevant questions of law" and to "interpret constitutional and statutory provisions."  *Id* at § 706. Courts perform this review *de novo* and therefore afford agency interpretation of the statute no deference when determining its meaning. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024).

61.     Here, the governing statute orders the executive to promulgate regulations that require noncitizens on supervised orders of release to do four things. 8 U.S.C § 1231(a)(3). Those requirements include appearing before an immigration officer periodically for identification; submitting, if necessary, to medical and psychiatric examination at the expense of the U.S. government; giving information under oath about the alien's nationality, circumstances, habits, associations, and other information the Attorney General considers appropriate; and obeying

13

reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the noncitizen. 8 U.S.C § 1231(a)(3)(A), (B), (C), (D).

62.     The regulations promulgated pursuant to 8 U.S.C § 1231(a)(3) go beyond the scope of statutory authority. Here, the governing regulations provide for the continued detention beyond the removal period. 8 C.F.R. § 241.4. Detaining a noncitizen, however, is an *ultra vires* action, not enumerated in 8 U.S.C § 1231(a)(3). When circumstances support a sensible inference that a term left out must have meant to be excluded, courts apply the canon of *expressio unius* statutory interpretation. *See NLRB v. SW Gen., Inc.* 580 U.S.  288, 301 (2017) (the inclusion of certain statutory provisions comes at the necessary exclusion of others). The statute considers the restraints the executive may place on a noncitizen *after releasing* that person from detention. *See* 8 U.S.C § 1231(a)(3). The relevant section of statute does not contemplate re-detention at all. *Id*. It is sensible to infer that in the context of restrictions affecting a person released from detention, including certain restrictions that fall short of detention excludes detention as an authorization of statute.

63.     Because the regulations governing detention after the government releases a noncitizen on supervised release come in excess of statutory jurisdiction, authority, or limitations, this court should set those regulations aside. Without those regulations, the Respondents have no authority to detain Petitioner.

## COUNT FOUR
## Violation of Federal Statute – 8 U.S.C. § 1231

64.     Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

65.     A noncitizen's continued detention beyond the removal period is distinguishable from re-detention following their release from ICE custody.

14

66. Because DHS released Petitioner on supervised release in 2017, upon his arrest in December 14, 2025, ICE did not continue his detention but rather initiated a new detention (*i.e.*, re-detained the Petitioner).

67. ICE was not authorized to re-detain Petitioner pursuant to 8 U.S.C. § 1231(a)(6).

68. Section 1231(a)(6) provides that:

An alien ordered removed who is inadmissible under *section 1182* of this title, removable under *section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)* of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may* be detained *beyond* the removal period and, if released, shall be subject to the terms of supervision in [8 U.S.C. § 1231(a)(3)].

8 U.S.C. § 1231(a)(6) (emphasis added).

69. Section 241.4 of Title 8 of the Code of Federal Regulations provides that:

(a) Scope. The authority *to continue an alien in custody* or grant release or parole under sections 241(a)(6) and 212(d)(5)(A) of the Act shall be exercised by the Commissioner or Deputy Commissioner, as follows: Except as otherwise directed by the Commissioner or his or her designee, the Executive Associate Commissioner for Field Operations (Executive Associate Commissioner), the Deputy Executive Associate Commissioner for Detention and Removal, the Director of the Detention and Removal Field Office or the district director may *continue an alien in custody beyond the removal period* described in section 241(a)(1) of the Act pursuant to the procedures described in this section. Except as provided for in paragraph (b)(2) of this section, the provisions of this section apply to the custody determinations for the following group of aliens:
(1) An alien ordered removed who is *inadmissible under section 212* of the Act, including an excludable alien convicted of one or more aggravated felony offenses and subject to the provisions of section 501(b) of the Immigration Act of 1990, Public Law 101–649, 104 Stat. 4978, 5048 (codified at 8 U.S.C. 1226(e)(1) through (e)(3)(1994));
(2) An alien ordered removed who is removable under *section 237(a)(1)(C)* of the Act;
(3) An alien ordered removed who is removable under *sections 237(a)(2) or 237(a)(4)* of the Act, including deportable criminal aliens whose cases are governed by former section 242 of the Act prior to amendment by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Div. C of Public Law 104–208, 110 Stat. 3009–546; and
(4) An alien ordered removed who the decision-maker determines is *unlikely to comply with the removal order or is a risk to the community*.

15

8 C.F.R. 241.4 (emphasis added).

70.     Section 1231(a)(6) and its concomitant regulation, 8 C.F.R. § 241.4, only authorize the *continuation* of the detention of noncitizen beyond the removal period where the noncitizen had been in custody at the time of the entry of his removal order or was detained during the removal period pursuant to 8 U.S.C. § 1231(a)(2) and 8 C.F.R. § 241.3.

71.     Section 1231(a)(6) and 8 C.F.R. § 241.4 do not authorize the re-detention of a noncitizen, like Petitioner, who was previously released from custody unless the government shows by clear and convincing evidence that the noncitizen has become a danger to the community or flight risk. *See Arzate v. Andrews*, No. 1:25-CV-00942-KES-SKO (HC), 2025 WL 2411010, at *8 (E.D. Cal. Aug. 20, 2025) (holding that the government "[could] not *re-detain* petitioner unless [it] proves by clear and convincing evidence at a bond hearing before a neutral arbiter that petitioner is a flight risk or danger to the community" where the noncitizen, despite having a reinstated removal order, was previously released from custody (emphasis added)); *see also Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025) ("Petitioner's *re-detention* without any change in circumstances or procedure establishes a high risk of erroneous deprivation of his protected liberty interest." (emphasis added)).

72.     Section 1231(a)(6) and 8 C.F.R. § 241.4 do not authorize the re-detention of a noncitizen, like Petitioner, who was previously released from custody unless the government shows by clear and convincing evidence that the noncitizen has become a danger to the community or flight risk. *See Arzate v. Andrews*, No. 1:25-CV-00942-KES-SKO (HC), 2025 WL 2411010, at *8 (E.D. Cal. Aug. 20, 2025) (the government "[could] not *re-detain* petitioner unless [it] proves by clear and convincing evidence at a bond hearing before a neutral arbiter that petitioner is a flight risk or danger to the community" where the noncitizen, despite having a reinstated removal order,

was previously released from custody (emphasis added)); *see also Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025) ("Petitioner's *re-detention* without any change in circumstances or procedure establishes a high risk of erroneous deprivation of his protected liberty interest." (emphasis added)).

## COUNT FIVE
### Violation of Federal Regulations – 8 C.F.R. § 241.4

73.     Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

74.     On information and belief, Respondents arrested and currently detain Petitioner Without constitutionally sufficient cause, violating his constitutional rights to due process of law, and violating the Federal Regulations controlling revocation of Supervised Orders of Release.

75.     Petitioner followed all the requirements of his release notification and Order of Supervision. Yet, petitioners took him into custody and detained him on December 16, 2025, despite his reporting to ICE in accordance with the release requirements and ICE holding him in the past with no deportation following.

76.     Petitioner did not receive a Notice of Revocation of Release and Respondents therefore did not address the necessary revocation elements under 8 C.F.R. § 241.4, thereby making the means of revocation insufficient under the regulations, warranting his release.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)     Assume jurisdiction over this matter;

(2)     Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3)  Issue an order preventing Respondents from removing or transferring the Petitioner outside of the District of Massachusetts while the Court reviews this petition.

(4)  Declare that Petitioner's detention and arrest violates the Fourth Amendment, the Due Process Clause of the Fifth Amendment, and 8 U.S.C. § 1231;

(5)  Issue a Writ of Habeas Corpus ordering Respondents to immediately release petitioner, and, in the interim, preventing his transfer outside of the District.

(6)  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(7)  Grant any further relief this Court deems just and proper.


Respectfully submitted,

**Alain Ata**

By and through his counsel,

Dated: _January 6, 2026_

_/s/ Ronald L. Abramson_
Ronald L. Abramson (NH Bar No. 9936)
Shaheen & Gordon
1155 Elm Street, Suite 300
Manchester, NH 03101
Tel.: (603) 669-8080
rabramson@shaheengordon.com

/s/ _Todd C. Pomerleau_*
Todd C. Pomerleau (MA BBO#664974)
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com


*Pro hac vice motion forthcoming*

18

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner Alain Ata as Local Counsel and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, based upon representations from Lead Counsel and available documentation.

Dated: *January 6, 2026*                                              /s/ *Ronald L. Abramson*
                                                                                  Ronald L. Abramson

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a copy of the Petition for Writ of Habeas Corpus was filed electronically and is available to authorized parties for viewing and downloading from the ECF system, with a courtesy copy sent to the Civil Division of the United States Attorney's Office.

Dated: *January 6, 2026*                    /s/ Ronald L. Abramson
                                            Ronald L. Abramson

# CASE SUMMARY
## CASE NO. 473-2025-CR-00810

| | | | |
|---|---|---|---|
| **State v. ALAIN T ATA** | § | Location: | **10th Circuit - District Division - Salem** |
| | § | Filed on: | **03/30/2025** |
| | § | | |
| | § | | |

---

### CASE INFORMATION

| Offense | Statute | Deg | Date | Case Type: | **Criminal** |
|---|---|---|---|---|---|
| Jurisdiction: **Salem** | | | | | |
| 1.  Resist Arrest/Detention | 642:2 | MISDA | 03/28/2025 | Case Status: | **12/22/2025   Closed** |
|     ChargeID: 2308284C   ACN: 00864002500000310001 | | | | | |
|     Arrest:  03/28/2025 | | | | | |
| 2.  Disorderly Conduct | 644:2 | VIOL | 03/28/2025 | | |
|     ChargeID: 2308285C   ACN: 00864002500000310002 | | | | | |
|     Arrest:  03/28/2025 | | | | | |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| | | *Attorneys* |
| **Defendant** | **ATA, ALAIN T** | **Howie, Nicholas C., ESQ** |
| | ▮. NH | *Retained* |
| | | 603-893-8008(W) |
| | DOB: ▮           Age: 40 | |
| | DL: NH | |
| **Arresting Agency** | **Salem Police Department** | |
| | *21A Cross St* | |
| | *Salem, NH 03079* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/28/2025 | Complaint Narrative at Filing<br>*knowingly commit the crime of Resisting Arrest, by interfering with Ben Wilson, whom the defendant recognized to be a Salem Police Officer seeking to effect an arrest or detention of himself, by pushing back against said officer while he was being guided into a cruiser while detained,*<br>  *Charges: 1* | |
| 03/28/2025 | Complaint Narrative at Filing<br>*knowingly cause a breach of the peace by making loud or unreasonable noises in that he was yelling and arguing with his partner and again yelling at responding officers while on Hillcrest Rd, and such noises would disturb a person of average sensibilities,*<br>  *Charges: 2* | |
| 03/31/2025 | Bail Order<br>*PR* | *Index #1* |
| 04/22/2025 | Complaint As Accepted For Filing | |
| 05/16/2025 | Appearance<br>  Party:  Attorney  Howie, Nicholas C., ESQ<br>  *NIcholas Howie* | *Index #2* |
| 05/16/2025 | Entry of Not Guilty Plea & Waiver of Arraignment by Counsel | *Index #3* |
| 05/19/2025 | *CANCELED* **Arraignment on Complaint** | |
| 07/17/2025 | **Trial Management Conference** | |
| 07/17/2025 | Pretrial Order<br>*1-2 hours* | *Index #4* |

# CASE SUMMARY
## CASE NO. 473-2025-CR-00810

| | | |
|---|---|---|
| 07/17/2025 | Approved (Judicial Officer: Zaino, Michael J ) | |
| 08/12/2025 | Assented to Motion to Continue<br>    Party: Arresting Agency Salem Police Department | *Index #5* |
| 08/18/2025 | Granted (Judicial Officer: Zaino, Michael J ) | |
| 08/29/2025 | Assented to Motion to Continue<br>    Party: Arresting Agency Salem Police Department | *Index #6* |
| 09/02/2025 | Granted (Judicial Officer: Zaino, Michael J ) | |
| 09/02/2025 | *CANCELED* **Trial** | |
| 09/16/2025 | *CANCELED* **Trial** | |
| 09/23/2025 | Assented to Motion to Continue<br>    Party: Attorney Howie, Nicholas C., ESQ | *Index #7* |
| 09/24/2025 | Granted (Judicial Officer: Zaino, Michael J ) | |
| 09/30/2025 | *CANCELED* **Trial** | |
| 10/09/2025 | Assented to Motion to Continue<br>    Party: Attorney Howie, Nicholas C., ESQ | *Index #8* |
| 10/09/2025 | Granted (Judicial Officer: Zaino, Michael J ) | |
| 10/16/2025 | Assented to Motion to Continue<br>    Party: Attorney Howie, Nicholas C., ESQ | *Index #9* |
| 10/16/2025 | Granted (Judicial Officer: Zaino, Michael J ) | |
| 10/21/2025 | *CANCELED* **Trial** | |
| 11/03/2025 | Assented to Motion to Continue<br>    Party: Attorney Howie, Nicholas C., ESQ | *Index #10* |
| 11/04/2025 | Granted (Judicial Officer: Stephen, Robert S ) | |
| 11/25/2025 | *CANCELED* **Trial** | |
| 12/11/2025 | *CANCELED* **Trial** | |
| 12/16/2025 | **Trial** | |
| 12/16/2025 | Exhibit<br>    state's #1 | *Index #11* |
| 12/16/2025 | **Plea** (Judicial Officer: Zaino, Michael J)<br>    1. Resist Arrest/Detention<br>        Not Guilty<br>    2. Disorderly Conduct<br>        Not Guilty | |
| 12/22/2025 | **Disposition** (Judicial Officer: Zaino, Michael J) | |

# CASE SUMMARY
## CASE NO. 473-2025-CR-00810

1. Resist Arrest/Detention
   Finding of Not Guilty
2. Disorderly Conduct
   Finding of Not Guilty

| | | |
|---|---|---|
| 12/23/2025 | Notice of Decision<br>*finding(s) after trial* | *Index #12* |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Defendant** ATA, ALAIN T

| | |
|---|---|
| Total Charges | 0.00 |
| Total Payments and Credits | 0.00 |
| **Balance Due as of 01/14/2026** | **0.00** |