## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NEW HAMPSHIRE**

Plaintiff,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

Defendant.

**Case No.: 1:26-cv-0017-SM-AJ**

## PLAINTIFF'S RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiff American Civil Liberties Union of New Hampshire ("ACLU-NH") hereby submits the following Rule 26(f) Report, which Plaintiff's counsel will be able to speak to at the June 9, 2026 status conference.

### STATUS OF NEGOTIATIONS AND NATURE OF THE DISPUTE

Plaintiff ACLU-NH submitted to Defendant U.S. Immigration and Customs Enforcement ("ICE") a proposed Rule 26(f) Report on April 6, 2026. After two extensions of the Status Report deadline (from April 29, 2026 to May 29, 2026, and then from May 29, 2026 to June 5, 2026), Defendant substantively responded to Plaintiff today, on June 5, 2026. Based on these communications, the parties have not agreed on this case's schedule. A summary of the parties' dispute and Plaintiff's position is below.

**The Dispute**: Plaintiff's position is that this Court should order a deadline for when Defendant shall produce all responsive records and, for any responsive records or portions thereof withheld pursuant to one or more FOIA exemptions, supply Plaintiff with a *Vaughn* Index describing the information withheld and the exemptions invoked to justify those withholdings.

Plaintiff's proposed schedule below seeks a court-ordered deadline of **August 7, 2026** for Defendant's production of this information.  (Plaintiff extended this proposed deadline by one month from July 6, 2026 to August 7, 2026 as a courtesy after conferring with Defendant's counsel on June 5, 2026).  Based on today's communication between counsel for Plaintiff and Defendant, Defendant does not agree to a firm, court-ordered deadline, but rather seeks a rolling production of responsive information—a production without a date-certain deadline in response to a FOIA request made over seven (7) months ago on October 29, 2025.

**Plaintiff's Position**: Given the delays in this case to date—and notwithstanding Plaintiff's willingness to extend the status report deadline on two prior occasions—there should be no further delays in this case that has been ongoing for nearly five (5) months.  This Court should impose a date certain for compliance and production of responsive information.  Plaintiff takes this position for several reasons.  *First*, the requested documents in this case—namely, the materials used in ICE's instruction courses to train law enforcement officers from local agencies, including New Hampshire-based officers and agencies, with active Section 287(g) agreements—are discrete, are not voluminous, and should be easy to obtain.  Plaintiff is *only* seeking the specific training materials communicated to local law enforcement.  Plaintiff is not, for example, seeking internal communications or external communications concerning this training; rather, Plaintiff here is seeking only the training materials themselves presented to local police.  To the extent Defendant has collected other documents in response to this FOIA request, Defendant's decision to process non-responsive documents should have no bearing on its ability to promptly review and produce the narrow records sought here.

*Second*, respectfully, there have been repeated delays in this matter to date and, thus, a court-ordered schedule is necessary.  On October 29, 2025, Plaintiff submitted its FOIA request.

2

Plaintiff never received a timely substantive response, let alone a statement of what Defendant was willing to produce or a statement of what exemptions Defendant is asserting for any records withheld. To date, Plaintiff has no concrete understanding of what Defendant's legal position is in this case. Having received no substantive response, Plaintiff was compelled to spend resources filing this lawsuit on January 15, 2026. And since the filing of this lawsuit nearly five (5) months ago, Defendant's position is no less clear, with no production having been made, let alone any indication as to the specific statutory exemptions being asserted under the FOIA for any records withheld.

*Third*, the government shutdowns do not justify the delays in this case. The United States federal government shut down for approximately 43 days from around October 1, 2025 to November 12, 2025. Further, the Department of Homeland Security ("DHS") partially shut down on February 14, 2026 and reopened on April 30, 2026.[1] Here, Plaintiff's request—which was submitted on October 29, 2025—was pending from November 12, 2025 to February 14, 2026 when DHS was open. And DHS has been open from April 30, 2026 to the present. Thus, even taking into account the two shutdowns, Plaintiff's request has been pending for over four months in which DHS has been open—namely, from November 12, 2025 to February 14, 2026, and then from April 30, 2026 to the present. And since this lawsuit was filed on January 15, 2026, ICE continued to sign up ten (10) New Hampshire police departments to the Section 287(g) program (including one local police department during the 2026 partial DHS shutdown that occurred from February 14, 2026 to April 30, 2026).[2] In other words, despite the shutdown, it is possible that the

---

[1] The shutdown of the United States Department of Homeland Security ended on April 30, 2026. *See* Stefan Becket, "Trump Signs Bill Funding DHS, Ending Record-breaking 76-day Shutdown," *CBS News* (Apr. 30, 2026), https://www.cbsnews.com/news/dhs-shutdown-house-vote/.

2 During the DHS shutdown from February 14, 2026 to April 30, 2026, the Whitefield Police Department and ICE signed a Section 287(g) agreement on March 25, 2026. *See* https://www.ice.gov/doclib/287gMOA/WhitefieldPoliceDeptNH_TFM_MOA_03252026.pdf. Since the filing of this lawsuit on January 15, 2026, the following other nine (9) New Hampshire police departments have entered into Section

requested training materials were being used by ICE.  If ICE has the ability to execute its Section 287(g) program during the shutdown, it should have the ability to produce its training materials to the public so that the public can learn what its federal and local governments are up to.

In sum, because of the delays that have occurred in this case and because of the importance of these records, Plaintiff believes that a court-ordered schedule is necessary in this case to ensure that Plaintiff obtains responsive information and that this case is promptly resolved with the urgency it deserves.

Given this disagreement, the contents of Plaintiff's proposed Report stated below has not been assented to by ICE.

**DATE/PLACE OF CONFERENCE**:  Beginning on April 6, 2026, counsel for Plaintiff sent a proposed Joint Rule 26(f) Report.  Defendant substantively responded on June 5, 2026, and the parties have not been able to reach agreement on the case schedule.

**COUNSEL PRESENT/REPRESENTING**:

**Plaintiff**:

Gilles R. Bissonnette
SangYeob Kim
Henry R. Klementowicz
Chelsea Eddy
Caroline Meade *(Pro Hac Vice)*
Maria Savarese
American Civil Liberties Union Foundation of New Hampshire
18 Low Avenue
Concord, NH 03301
Tel: (603) 227-6678

---

286(g) agreements and presumably have or will be trained using the records sought here: Epping (January 26, 2026); Chester (May 1, 2026); Kingston (May 9, 2026); Milton (May 12, 2026); Pittsfield (May 12, 2026); Newton (May 14, 2026); Brentwood (May 17, 2026); Hillsboro (May 31, 2026); and Weare (June 2, 2026).

**Defendant:**

Anna Dronzek
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, NH 03301
Tel.: (603) 225-1552

**PLAINTIFF'S STATEMENT OF THE CASE**:

This is an action pursuant to the FOIA. On October 29, 2025, Plaintiff ACLU-NH submitted a FOIA Request seeking materials used in ICE's instruction courses to train local law enforcement officers from agencies, including New Hampshire-based officers and agencies, with active Section 287(g) agreements ("Request"). On November 24, 2025, ICE responded, denying ACLU-NH's request for expedited treatment and invoking a 10-day extension. To date, ACLU-NH has not received any materials from ICE in response to the Request. ACLU-NH now seeks to enforce the Request through this action. In this action, ACLU-NH alleges that ICE has violated FOIA by failing to respond to ACLU-NH's Request and release all responsive records.

**DEFENDANT'S THEORY OF DEFENSE**:

While Defendant has not asserted any specific exemptions that would justify withholding the requested documents, Defendant's Answer is at ECF No. 10.

**DAMAGES:** Plaintiff is not seeking damages in this case.

**DEMAND:**   N/A

**OFFER:**    N/A

**JURISDICTIONAL QUESTIONS:**   Defendant has stated in its Answer that this Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by FOIA. *See* ECF No. 10, at p. 10 (first defense).

**TYPE OF TRIAL:** Plaintiff believes that this case can be resolved on cross-motions for summary

5

judgment without the need for a trial in this case.  However, if a trial is necessary, Plaintiff believes

that it can be a bench trial.

## SCHEDULING ISSUES WHERE THERE IS AGREEMENT

**TRACK ASSIGNMENT**:  Standard – 12 months.

**TRIAL DATE**:   While Plaintiff does not anticipate the need for trial in this action, should one be

necessary, Plaintiff proposes the trial period beginning **June 7, 2027**.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**:  No unnamed parties will be

disclosed.

**AMENDMENT OF PLEADINGS**:  Any amendment of the pleadings by the Plaintiff will be

submitted by **November 20, 2026**.  Any amendment of the pleadings by the Defendant will be

submitted by **December 4, 2026**.  At this time, Plaintiff does not anticipate any amendments to

the pleadings.

**JOINDER OF ADDITIONAL PARTIES:** No additional parties will be joined.

**THIRD PARTY ACTIONS:**  Plaintiff does not anticipate third-party actions.

**MOTIONS TO DISMISS:**  N/A, as Plaintiff believes that this case can be resolved on cross-

motions for summary judgment.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND
SUPPLEMENTATIONS**:

No experts will be disclosed.

**COMPLETION OF DISCOVERY**:  If discovery is necessary, *see* "Discovery Needed"

Section *infra*, it will occur prior to **April 9, 2027** (unless the Court has not ruled upon the parties'

cross-motions for summary judgment by that date, in which instance the parties will move for an

extension of the discovery deadline).

**CHALLENGES TO EXPERT TESTIMONY:**  N/A

## DISPUTE AS TO QUESTIONS OF LAW

According to Plaintiff, the questions of law which the Court may be asked to resolve include: (1) whether the Defendant conducted an adequate search for records responsive to ACLU-NH's FOIA requests; and (2) whether the Defendant has improperly applied the claims Exemptions to the FOIA in its responses to Plaintiff's FOIA requests.

## PROPOSED BRIEFING SCHEDULE

1. On **August 7, 2026**, Defendant shall produce all responsive records and, for any responsive records or portions thereof withheld pursuant to one or more FOIA exemptions, supply Plaintiff with a *Vaughn* Index describing the information withheld and the exemptions invoked to justify those withholdings.

2. Any motion to challenge the adequacy of that Index and/or to compel a new Index shall, if necessary, be filed on or before **September 7, 2026**. In the event such a motion is filed, the parties will work collaboratively on the re-scheduling of the summary judgment briefing deadlines below.

3. Defendant's Motion for Summary Judgment: **November 6, 2026**.

4. Plaintiff's Cross Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment: **December 18, 2026**.

5. Defendant's Objection to Plaintiff's Cross Motion for Summary Judgment and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment: **January 18, 2027**.

6. Plaintiff's Reply to Defendant's Objection to Plaintiff's Cross Motion for Summary Judgment: **February 18, 2027**.

## DISCOVERY

**DISCOVERY NEEDED**:

Plaintiff believes that if this action is not resolved on summary judgment, the question of scope of discovery can be deferred until the Court rules on the cross-motions for summary judgment. Neither of the parties waives the right to object to requests for discovery concerning matters that may arise in the course of discovery.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

No party has made its initial Rule 26(a)(1) disclosures, and Plaintiff believes that such disclosures are not presently warranted under the circumstances of this FOIA case.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**:

N/A

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R Civ. P. 26(f))**:

N/A

**INTERROGATORIES**: N/A

**REQUESTS FOR ADMISSIONS**: N/A

**DEPOSITIONS**: N/A

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** Plaintiff, in good faith, will explore the possibility of settlement when it is appropriate.

**JOINT STATEMENT RE: MEDIATION:** Plaintiff agrees to provide the Court with a joint statement regarding the suitability of the matter for mediation no later than **December 2, 2026.**

**TRIAL ESTIMATE:** N/A. As Plaintiff believes that this case likely can be resolved on cross-motions for summary judgment, Plaintiff does not anticipate the need for a trial in this case. That

said, as stated above, Plaintiff reserves the right to move for a bench trial should this dispute not be fully resolved on cross-motions for summary judgment. At this stage, however, Plaintiff lacks adequate information to provide the court with a trial estimate.

**WITNESSES AND EXHIBITS:**  N/A

**OTHER MATTERS:**  None.

WHEREFORE, Plaintiff respectfully requests relief as follows:

A.  Enter the following deadlines as order; and

B.  Award such other relief as the Court deems just and equitable.

Respectfully submitted,

THE AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEW HAMPSHIRE,

*/s/ Gilles R. Bissonnette*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
SangYeob Kim (N.H. Bar No. 266657)
Henry R. Klementowicz (N.H. Bar No. 21177)
Chelsea Eddy (NH Bar: 276248)
Caroline Meade (Admitted *Pro Hac Vice*)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
NEW HAMPSHIRE IMMIGRANTS' RIGHTS PROJECT
18 Low Avenue
Concord, NH  03301
Tel.:  (603) 227-6678
gilles@aclu-nh.org
sangyeob@aclu-nh.org
henry@aclu-nh.org
chelsea@aclu-nh.org
caroline@aclu-nh.org

Dated:  June 5, 2026