

*Office of Information Governance and Privacy*
**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

August 6, 2026

ACLU Foundation of New Hampshire
c/o SangYeob Kim
18 Low Ave, # 12
Concord, New Hampshire 03301
sangyeob@aclu-nh.org
603-333-2081

**RE: <u>ACLUFNH v. ICE 1:26-cv-0017-SM-AJ</u>**
  **ICE FOIA Case Number 2026-ICLI-00027**
  **First Interim Release**


Dear Mr. Kim,

This is the first interim response to your client's Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE), dated January 15, 2026, seeking the following:

> 1. Materials currently used by ICE in its instruction courses to train local law enforcement officers from agencies, including NH-based officers and agencies, that signed 287(g) Agreements for all active models of the 287(g) program, as well as materials used during "refresher" trainings for designated immigration officers from local law enforcement agencies participating in any active models of the program that require such refresher training.

> 2. Version of materials used by ICE from January 20, 2025, to the present time, in its instruction courses to train local law enforcement officers from agencies, including NH-based officers and agencies, with active 287(g) Agreements for all models of the 287(g) program, as well as materials used during "refresher" trainings for designated immigration officers from local law enforcement agencies participating in any active models of the program that require such refresher training.

ICE has considered this request under the FOIA, 5 U.S.C. § 552, and processed 4441 pages of potentially responsive records. Upon review ICE has determined that 778 pages were deemed non-responsive or duplicative. The remaining 3633 pages will be released in full or disclosed in part.

Exemptions 5, 6, 7(C), 7(E), and (b)(7)(f) of the FOIA, 5 U.S.C. § 552 as described below. The 3633 pages have been Bates stamped 2026-ICLI-00027 001 through 2026-ICLI-00027 3633.

Please note that 23 pages have been sent to Customs and Border Protection (CBP), and 7 pages have been sent to U.S. Citizenship and Immigration Services (USCIS). The consultation pages will be released after their review is completed.

*Please note, we have made reasonable efforts to review the attached data and avoid the disclosure of sensitive information, including personally identifiable information (PII). However, given the volume of data contained in the materials, we ask that the document not be shared with third parties and that it be handled with appropriate discretion and confidentiality.*

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communication between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor in the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to people who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in

law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweighs any minimal public interest in disclosing the information.  Please note that any private interest you have in that information does not factor in this determination.

ICE has applied FOIA Exemption 7(E) to protect from the disclosure of internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or disclosed guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

**FOIA Exemption 7(F)** of the Freedom of Information Act protects "records or information compiled for law enforcement purposes [the disclosure of which] could reasonably be expected to endanger the life or physical safety of any individual."[1]  The Court of Appeals for the District of Columbia Circuit has held that "[d]isclosure need not definitely endanger life or physical safety; a reasonable expectation of endangerment suffices."[2]  Courts have routinely upheld the use of Exemption 7(F) to protect the identities of law enforcement agents.[3]  This exemption originally only protected law enforcement personnel,[4] but was later amended[5] and now protects the safety of "any individual."[6] Courts have held that Exemption 7(F) can protect the names and identifying information of non-law enforcement federal employees, local law enforcement personnel, and other third persons in connection with particular law enforcement matters.[7]  For example, Exemption 7(F) protection has been extended to names of and identifying information about inmates,[8] private security contractor companies,[9] and medical personnel.[10]  Courts have also upheld the use of Exemption 7(F) to protect the identities of informants and sources.

If you have any questions about this letter, please contact Assistant U.S. Attorney, Anna Dronzek, anna.dronzek@usadoj.gov

Sincerely,

Marcus K. Francis Sr.
Supervisory Paralegal Specialist

Enclosure: 3633 pages